IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IDAHO ATHEISTS, INC. et al., and SUSAN HARRINGTON, <br><br>　　　　Plaintiffs, <br><br>v. <br><br>TIM MASON, in his official capacity as Statewide Facilities Manager, and DIRK KEMPTHORNE, in his official capacity as Governor of the State of Idaho, <br><br>　　　　Defendants. | CIV. No. 05-168-S-BLW <br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

The Court has before it plaintiffs' motion for temporary restraining order. The Court heard oral argument on May 4, 2005, and granted the motion. This decision shall set forth the Court's reasoning in more detail.

## BACKGROUND

The Court recites this background of the litigation from an admittedly sparse record. This case was filed just days ago, and the Court is therefore relying heavily

*Memorandum Decision & Order – page 1*

on allegations contained in the Complaint and the documents filed by both parties in the last few days.

According to this record, the State has a written policy of reserving the front steps of the State Capitol, known as the south steps, on a "first-come, first-reserved basis." That written policy says nothing about recurring events – that is, events that occur year after year on the same date – having a standing reservation that would take precedence over any other group.

On February 8, 2005, plaintiff Susan Harrington reserved the front steps of the Capitol for May 5, 2005. She knew that in past years the steps have been reserved by an organization celebrating the National Day of Prayer. She mentioned this past history to David Foster, a State Public Works employee who is the scheduler for Capitol events, as she was scheduling her event with him.

Foster did not respond by refusing to schedule her event because the National Day of Prayer had a recurring reservation. Rather, he ignored that past history, and scheduled Harrington for that date, stating that "[i]t's first-come, first-reserved, and I'm just doing my job."

On February 22, 2005, Harrington called Foster's department and told them she was changing the name of her event to "Idaho Day of Equality – Equal Rights for Atheists and Others." She intended to protest the Governor's recognition of the

*Memorandum Decision & Order – page 2*

National Day of Prayer, and his continuing refusal to give equal recognition to atheist groups. Department officials did not inform her that another organization had a recurring reservation at that time.

On March 17, 2005, Jim Hughes, representing the National Day of Prayer group, applied to reserve the Capitol steps. On April 8, 2005, Tim Mason, who is the Facilities Manager for Public Works, told Harrington that the National Day of Prayer was a recurring event and thus was considered to have a standing reservation on that date. Mason offered to move Harrington's event to the west or east steps of the Capitol.

Harrington wrote to defendant Governor Kempthorne, asking him to allow her event to take place on the south steps. Brian Whitlock, the Governor's Chief of Staff, responded, refusing to reverse Mason's decision, and justifying the decision by stating that the "National Day of Prayer paperwork had been previously submitted and confirmed prior to your request." However, the record contains no such paperwork. The National Day of Prayer reservation was submitted more than a month after Harrington made her reservation.

Harrington, and Idaho Atheists Inc., responded by filing this suit seeking to enjoin the defendants from denying plaintiffs their reservation to use the south steps of the Capitol tomorrow, May 5, 2005.

*Memorandum Decision & Order – page 3*

## ANALYSIS

1. **<u>Injunction Standard</u>**

A moving party is entitled to a TRO if it demonstrates that it is likely to succeed on the merits and may suffer irreparable injury, or that serious questions exist on the merits and the balance of hardships tips in its favor. *See Self-Realization Fellowship Church v. Ananda*, 59 F.3d 902, 913 (9th Cir. 1995). The two tests are not separate but represent a sliding scale in which the required probability of success on the merits decreases as the degree of harm increases. *Id.* "Under any formulation of the test, the plaintiff must demonstrate that there exists a significant threat of irreparable injury." *Oakland Tribune, Inc. v. Chronicle Publishing Co.,* 762 F.2d 1374, 1376 (9th Cir.1985).

Irreparable injury is established in First Amendment cases when the plaintiff demonstrates the existence of a colorable First Amendment claim. *Sammartano v. First Judicial District Court,* 303 F.3d 959 (9th Cir. 2002). Thus, the issue here is whether Idaho Atheists has a colorable claim that the State is violating the First Amendment by changing their reservation to the east or west Capitol steps.

2. **<u>First Amendment Issue</u>**

The Supreme Court has developed an analysis that examines the location of the speech to determine the level of scrutiny the courts must give to any state-

imposed restrictions on that speech. According to this analysis, the restrictions on speech in a traditional public forum are examined under the strictest scrutiny. *United States v. Kokinda*, 497 U.S. 720 (1990). In a public forum, the State may not impose a blanket prohibition on speech, and may enforce a content-based exclusion only if it is narrowly drawn to achieve a compelling state interest. *A.C.L.U. of Nevada v. City of Las* Vegas, 333 F.3d 1092 (9th Cir. 2003). The State may also enforce time, place, and manner restrictions that are content-neutral, narrowly tailored to serve a significant government interest, and leave open alternative channels of communication. *Id.*

There is no dispute that the front steps of the Capitol constitute a public forum. *See Lederman v. United States*, 291 F.3d 36 (D.C. Cir. 2002) (Capitol steps are public forum). If the State acted on the basis of the content of the Atheist's speech, the State must have a compelling interest to support its action. The State does not argue, however, that its refusal to honor the Atheist's reservation is supported by a compelling interest. Thus, if the State's actions were content-based, they violate the First Amendment.

The issue for injunctive purposes is whether the Atheists have a colorable First Amendment claim. Given the analysis above, the precise issue is whether the Atheists have a colorable claim – are likely to prove – that the State acted on the

*Memorandum Decision & Order – page 5*

basis of the content of the Atheist's speech.

The action of choosing a religious group over an atheist group at least appears on its face to be content-based.  The State objects, pointing to the affidavit of Mason stating that he acted not on the basis of the Atheist's message but on the basis of a policy that gave the National Day of Prayer a recurring reservation that took precedence over all other groups for the first Thursday of May.

This policy was never reduced to writing, however.  David Foster, the Capitol scheduler, was not aware of the policy, because even after being informed of the National Day of Prayer's long-standing past reservations, he allowed another group to reserve that date.

The record also shows that in past years, the National Day of Prayer group has made separate reservations, each year.  While the State says that the group was just "confirming" its recurring reservation, the reservations have a box entitled "recurrence" and next to it is typed "none."

Moreover, Jim Hughes who filed the reservation application for the National Day of Prayer this year, and has done so for the past three years, conceded in a phone message to Harrington that she had reserved the steps ahead of him, and that he would move his event indoors.  Thus, he apparently did not understand that he had a recurring reservation.

*Memorandum Decision & Order – page 6*

The "recurring reservation" policy has never been applied previously. The State has not submitted an affidavit from anyone affiliated with the National Day of Prayer – or with any group for that matter – that they thought they had a recurring reservation based on the recurring nature of their event.

For all of these reasons, the Court finds that the Atheists have a colorable claim, and are likely to show, that the State's refusal to honor their reservation of the south steps was content-based. The State argues that even so, the Atheists still have a sufficient forum on the east or west steps.

The Court disagrees. In *Galvin v. Hay*, 374 F.3d 739 (9th Cir. 2004), the Circuit held that when location is an essential part of the message sought to be conveyed, the Court must consider how the message is diminished if moved to a different location. *Id*. at 754. Here, the south steps are the most prominent location for protests in the State. They are the front steps of the Capitol and are highly visible from a long distance. Traditionally, all protests occur there. While protests may have occurred on the east and west steps they would be quite rare. By virtue both of tradition, and lack of visibility, the impact of a protest on the east and west steps would be substantially diminished. While the separation is just 100 feet, it is a grand chasm in symbolic terms. For that reason, the location does matter a great deal here.

*Memorandum Decision & Order – page 7*

It is also significant that the Atheists specifically chose the front steps of the Capitol because of its symbolic value.  It is there that the local celebration of the National Day of Prayer has traditionally been held.  The Atheists message is substantially strengthened by being delivered from that location.  Conversely, the message is substantially diminished if it is delivered elsewhere.

The Court will therefore issue the TRO and enjoin the State from refusing to honor the Atheists' reservation of the south steps of the Capitol for May 5, 2005.  The Court will not require a bond as the State has conceded that it does not face any harm from the granting of this TRO.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for TRO (docket no. unassigned) is GRANTED, and that the State is enjoined from refusing to honor the Atheists' reservation of the south steps of the Capitol for May 5, 2005.  The TRO shall expire by its terms in ten (10) days.  No bond is required.

DATED:  **May 4, 2005**

B. LYNN WINMILL  
Chief Judge  
United States District Court

*Memorandum Decision & Order – page 8*